**State of Vermont**
**Superior Court—Environmental Division**

========================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
========================================================================

**In re Frantz Wastewater & Water Supply Permit**                    **Docket No. 173-10-10 Vtec**
**(Appeal from Town of Charlotte decision)**

Title: Motion Regarding Jurisdiction of Court Over Question 1 of 2nd Amended SOQ (Filing No. 1)
Filed: August 1, 2011
Filed By: Appellees/Applicants Randolph and Page Frantz

Response in opposition filed on 11/7/11 by Appellants Gregg and Elizabeth Beldock

___ Granted                    X_ Denied                    ___ Other

Randolph and Page Frantz ("Applicants") own Lots 1-5 in a seven-lot subdivision in the Town of Charlotte, Vermont ("the Town"). Gregg and Elizabeth Beldock ("Appellants"), the original subdividers, own Lots 6 and 7. In 2010, Applicants sought a wastewater permit from the Town of Charlotte Sewage Control Officer, under authority delegated to the Town by the Vermont Agency of Natural Resources, to replace a failed wastewater disposal system serving their residence on Lot 2. The replacement system was to be installed on Lot 6. The Town granted the permit and the system was installed. Appellants then appealed the decision to this Court.

A January 14, 2011 Court order directed Appellants to revise their original Statement of Questions ("SOQ"). Appellants filed a Second Amended SOQ on February 22, 2011. Question 1 of the amended SOQ asks, "Do the applicants [sic] have a legal easement for the construction of a replacement wastewater disposal system on Appellants' property, in the location where that system was installed, as required by the Environmental Protection Rules?" On August 1, 2011, Applicants filed a motion to dismiss Question 1, contending that this Court does not have jurisdiction to determine the legality of the easement. By agreement of the parties, Appellants' time to respond to the motion was continued while the parties worked to resolve this matter. Because the parties were unable to reach a resolution, Appellants have now filed their opposition to the motion.

Applicants' motion asserts that this Court does not have jurisdiction to determine private property rights, such as easements benefiting or burdening land. As such, Applicants ask that Question 1 be dismissed. Appellants oppose the dismissal of Question 1, arguing that the Court's jurisdiction includes the power to review and decide whether Applicants have complied with the Vermont Environmental Protection Rules ("the Rules").

Before a valid wastewater permit can be issued for a wastewater system that will be located "off the lot," Section 1-309(b) of the Rules requires that a "document establishing permanent legal access [be] recorded and indexed in the land records of the municipality where the project is located." Envtl. Protection Rules, Chp. 1, Wastewater System & Potable Water Supply Rules, § 1-309(b) (Sept. 29, 2007). Although this Court must ensure compliance with applicable regulations, we do not have jurisdiction to adjudicate private property rights. See, e.g., In re Britting Wastewater/Water Supply Permit, No. 259-11-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. Apr. 7, 2008) (Wright, J.) ("This Court's consideration of property-related issues and rights is limited to issues within the scope of the regulations governing the permit application.").

It is unclear here whether Question 1 asks us to resolve the issue of any permanent legal access or simply determine whether Applicants have complied with the Rules as they pertain to wastewater systems. To the extent that the Question asks us to address the legality of access, we are without jurisdiction to do so. However, we may consider Applicants' compliance with the Rules.

Accordingly, Applicants' motion to dismiss Question 1 is **DENIED**. With regard to Question 1, trial will be limited to whether Applicants have complied with the Rules. Any arguments involving property rights are beyond this Court's jurisdiction and will not be considered.

The parties are directed to submit their unavailable dates for trial during February, March, and April by **Tuesday, January 31, 2012.**

_____          ____January 19, 2012_____
        Thomas G. Walsh, Judge                                            Date

=================================================================================

Date copies sent to: _____                         Clerk's Initials _____

Copies sent to:

  Thomas F. Heilmann, Attorney for Appellees/Applicants Randolph and Page Frantz

  Eric M. Knudsen, Attorney for Appellants Gregg and Elizabeth Beldock

  Alison J. Bell, Co-Counsel for Appellants Gregg and Elizabeth Beldock

  Anne F. Whiteley, Attorney for Interested Person Agency of Natural Resources